## HO GOU CHONG v. UNITED STATES.
### No. 7749.

Circuit Court of Appeals, Ninth Circuit.
May 13, 1935.

E. J. Botts, of Honolulu, T. H., for appellant.

Ingram M. Stainback, U. S. Atty., Willson C. Moore, Asst. U. S. Atty., and Ernest J. Hover, U. S. Dept. of Labor, Immigration and Naturalization Service, all of Honolulu, T. H., and H. H. McPike, U. S. Atty., of San Francisco, Cal., for the United States.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order of the District Court for the Territory of Hawaii refusing to issue a writ of habeas corpus applied for by Ho Gou Chong, an applicant for admission into the United States.

The appellant claims that he was born in Honolulu June 16, 1898, and accompanied his father to China, leaving on October 7, 1906, where he remained until June, 1934. At that time he left China for Honolulu and upon arrival applied for admission as a citizen of the United States. His application for admission was rejected by the Board of Special Inquiry and the action of the Board was sustained on appeal by the Secretary of Labor.

The sole question for our consideration is whether or not the immigration authorities were justified in rejecting the testimony of the applicant and of his witnesses Choy Hong and Ng Wah Koy.

The appellant testified that he had no recollection of leaving the Hawaiian Islands for China and only the haziest recollection concerning anything that occurred in Honolulu before he left. Without regard to other defects in the testimony of this witness we cannot say its rejection was arbitrary.

Ng Wah Koy, one of the supporting witnesses, left Hawaii in 1897 when he was two years old. He knew nothing about the birth of the applicant. His testimony was based upon the fact that his own mother had told him that "Ho Gou Chong was born in the Hawaiian Islands." This was hearsay. The witness Choy Hong testified that he first saw the appellant in Hawaii when he was from three to five years of age. He admitted that he could not identify the appellant whom he saw in China in 1927 as the boy he had seen in Hawaii. Choy Hong also fixed the appellant's age as twenty-seven years, when he is in fact nine years older.

It is unnecessary to enter into further discussion of the discrepancies and inconsistencies in the testimony of the applicant and his witnesses. We cannot say that the rejection of their testimony was arbitrary and unreasonable.

**The order is affirmed.**